CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 21 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PAMELA S. FRICKER, | ) | CASE NO. 4:11CV00005 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's November 17, 2006 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on March 26, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since March 19, 2004, her alleged disability onset date, and that she remained insured through December 31, 2009. (R. 11.) The Law Judge determined that plaintiff suffered the following severe impairments: bilateral carpal tunnel syndrome, degenerative disc disease of the cervical spine, and mental depression. (*Id.*) The Law Judge further determined that plaintiff did not have an impairment or combination of impairments

which met or equaled a listed impairment. (*Id.*) The Law Judge opined that plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: She can frequently climb ramps and stairs; she can occasionally climb ropes, ladders and scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; and she is limited in reaching in all directions. (R. 13.) She is limited to unskilled, simple, repetitive work. (*Id.*) The Law Judge determined that plaintiff's medically determinable impairments reasonably could be expected to produce some of the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (R. 15.) Specifically, he found that plaintiff's testimony and that provided by her husband were not supported by the medical evidence. (*Id.*) The Law Judge determined that plaintiff's RFC precluded her from performing her past relevant work, but that other jobs exist in substantial numbers in the national economy that she could perform. (R. 19.) Ultimately, the Law Judge found plaintiff was not disabled under the Act. (R. 20.)

Plaintiff appealed the Law Judge's March 26, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig*

2

v. *Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge's finding that other jobs exist in substantial numbers in the national economy that she could perform is not supported by substantial evidence. (Pl's Brief, pp. 1-5.) Specifically, plaintiff contends that the opinions of the two State agency record reviewing psychologists were not properly considered. (Pl's Brief, pp. 1-4.) Moreover, the limitations found to exist by the State agency record reviewing psychologists were not properly communicated to the vocational expert ("VE"), so much so that the hypothetical was essentially "meaningless." (Pl's Brief, pp. 1, 5.) The undersigned disagrees.

The Law Judge evaluated the evidence and concluded that plaintiff's mental impairments did not preclude her from performing unskilled, simple, repetitive work. (R. 13.) This RFC finding accommodated plaintiff's mental limitations that the Law Judge found credibly supported by the record, and that finding is supported by substantial record evidence.

Although plaintiff has alleged that her mental impairments are disabling, her Disability Report form states that it is solely physical impairments which render her unable to work. (R. 127.) The evidence reveals that plaintiff's mental impairments have not been severe enough to warrant any psychiatric hospitalizations. (R. 672, 703, 740.) Moreover, plaintiff's activities of daily living support the Law Judge's finding that her mental impairments did not preclude her from working. For example, plaintiff reported that she is able to provide care for both her niece and her granddaughter. (R. 137.)

3

The Law Judge's finding that plaintiff's mental impairments did not preclude her from performing unskilled, simple, repetitive work is supported by the opinions offered by the two State agency record reviewing mental health experts. E. Hugh Tenison, Ph.D. evaluated plaintiff's medical records and opined that plaintiff was capable of performing simple, non-stressful work and could meet the basic mental demands of competitive work on a sustained basis. (R. 700, 703.) A second psychologist, Joseph I. Leizer, Ph.D., LCP, evaluated plaintiff's medical records and opined that plaintiff appeared to be capable of performing simple, non-stressful work, and, although she may suffer moderate limitations in concentration, her mental impairments should not preclude her from performing the demands of simple and unskilled work. (R. 727, 741.)

Plaintiff's contention that the limitations found to exist by the State agency record reviewing psychologists were not properly presented to the VE for consideration also lacks merit. As set forth above, the Law Judge's finding that plaintiff's mental impairments did not preclude her from performing unskilled, simple, repetitive work is supported by substantial evidence. A review of the record reveals that the hypothetical submitted to the VE was premised on this RFC finding that is supported by substantial evidence.

Next, plaintiff contends that the Law Judge failed to give proper weight to the opinions offered by treating sources Margaret Thompson, APRN, BC and Mikhail O. Chizhikov, M.D. (Pl's Brief, pp. 5-7.) The undersigned disagrees and concludes that there is substantial evidence supporting the Law Judge's determination of the weight he accorded these medical sources.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the

4

physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)). It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

Dr. Chizhikov noted that plaintiff had no formal psychiatric treatment prior to attending individual therapy. (R. 672.) Dr. Chizhikov further noted on November 16, 2006 that plaintiff reported that her mood had improved, and on September 28, 2006, Dr. Chizhikov, also noted that plaintiff had improved so much so that she did not believe she was depressed any longer. (R. 662, 664.) More importantly, the psychiatrist failed to identify a single functional limitation imposed by plaintiff's mental impairments. (R. 660-675.) Thus, the Law Judge's assessment of Dr. Chizhikov's findings has a substantial evidentiary basis.

With respect to Ms. Thompson, the undersigned notes that Ms. Thompson completed a mental assessment on October 3, 2007. (R. 845-846.) At that time, she noted that plaintiff's medications impaired her concentration, recall, and ability to focus and stay on task. (R. 845.) Ms. Thompson further revealed that plaintiff experienced excessive daytime sleepiness and sedation from her medications, and that she had cognitive slowing related to her depression and medications.

5

(*Id.*) Ms. Thompson opined that plaintiff's mental impairments or treatment would cause absences in excess of four days per month. (R. 846.) On October 13, 2008, Ms. Thompson provided an updated opinion which indicates that plaintiff was unable to meet the standards for dealing with normal work-related stress and was unable to respond to changes in work routine. (R. 844.) Nevertheless, the Law Judge determined that Ms. Thompson's assessments were entitled to little or no evidentiary weight. (R. 18.)

Ms. Thompson is a nurse practitioner, which, under the regulations, is not an "acceptable medical source." Ms. Thompson's findings and opinions cannot form the basis for establishing the existence of a medically determinable impairment because under the regulations, a medically determinable impairment can be established only by evidence from acceptable medical sources. *See* 20 C.F.R. § 404.1513(a). Nurse practitioners are defined as "other sources," whose findings and observations may be used only as evidence of the severity of an otherwise established medically determinable impairment and how it affects the claimant's ability to work. *See* 20 C.F.R. § 404.1513(d)(1).

Finally, plaintiff contends that the new evidence she submitted on judicial review establishes that psychological impairments prevent her from performing any work activity. (Pl's Brief, pp. 8-9.) The undersigned disagrees and finds that plaintiff has not shown that this evidence satisfies the requirements for remand as set forth in *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). A remand to consider evidence not in existence at the time of the Law Judge's decision must satisfy the factors for remand under 42 U.S.C. § 405(g), as set forth in *Borders v. Heckler. Jones v. Astrue*, No. 4:07CV00049, 2008 WL 2991408, *4 (W.D.Va. August 1, 2008). Specifically, "*Borders* requires that the newly discovered evidence (1) must relate back to the time the application was first

filed, and be new (not merely cumulative); (2) must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there must be good cause for the Plaintiff's failure to submit the evidence when the claim was before the Commissioner; and (4) Plaintiff must present to the court at least a general showing of the nature of the new evidence." *Id.* (citing *Borders*, 777 F.2d at 955). The burden of showing that all of the Sentence Six requirements have been met rests with the claimant. *Overcash v. Astrue*, No. 5:07CV-123-RLV, 2011 WL 815789, *3 (W.D.N.C. February 28, 2011).

The new evidence that plaintiff proffered as an attachment to the brief filed in support of her motion for summary judgment consists of a psychological evaluation performed by Blanche Williams Ph.D., a licensed psychologist. The April 20, 2011 evaluation provides that plaintiff suffered with the following impairments: depressive disorder NOS with features of both major depression and dysthymia and social anxiety disorder. (Pl's Brief, Exhibit 1, p. 5.) Dr. Williams opined that plaintiff was functioning with a GAF of 44.[1] (*Id.*) In assessing her capacity to perform substantial gainful activity, the psychologist concluded that plaintiff is not capable of performing even simple, repetitive tasks on a reliable basis, and that she cannot maintain regular work attendance or work consistently through a normal workday without significant interruption from psychiatric symptoms. (*Id.*) Dr. Williams concluded that plaintiff would require a high level of

---

[1] GAF ratings are subjective determinations based on a scale of zero to one hundred of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual Mental of Mental Disorders 32 (4th ed. 2000) ("DSM–IV Manual"). A GAF of 41 to 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job.) *Id.* at 34.

7

supervision and assistance if assigned any work task and could not be expected to carry out instruction from supervisors independently. (*Id.*) She could not interact adequately with coworkers or the public and is not able to cope with the usual stresses of competitive employment. (*Id.*)

While Dr. Williams certainly found work-preclusive limitations, plaintiff has not shown that this medical note might have altered the Law Judge's decision. Specifically, plaintiff has failed to show that this April 20, 2011 evaluation relates back to her insured period which ended on December 31, 2009.

For all these reasons, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *[signature]*
U.S. Magistrate Judge

Sept 21, 2011
Date

8