IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| PAMELA S. FRICKER, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:11CV00005 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMISSIONER OF SOCIAL ) | By: Jackson L. Kiser |
| SECURITY, ) | Senior United States District Judge |
| ) | |
| Defendant. ) | |

Before me is the Report and Recommendation of the United States Magistrate Judge, recommending that the Defendant's Motion for Summary Judgment be granted and the Commissioner's final decision be affirmed. The Plaintiff filed objections to the Magistrate's Report and Recommendation; the Defendant (or "Commissioner") did not respond. I have reviewed the Magistrate Judge's recommendation, Plaintiff's objection, and the relevant portions of the record. The matter is now ripe for decision. For the reasons stated below, I will **ADOPT** the Magistrate's Report and Recommendation, **GRANT** the Defendant's Motion for Summary Judgment, **AFFIRM** the Commissioner's final decision, and **DISMISS** the case from the docket of this Court.

**I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On November 17, 2006, Plaintiff Pamela S. Fricker ("Plaintiff") filed an application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. *See* 42 U.S.C. §§ 401–433. In her application, Plaintiff alleged she had been disabled since March 19, 2004, due to "carpol [sic] tunnel in both hands." (R. 127.) Plaintiff stated that she had had two surgeries on her neck, several pieces of hardware inserted around her spine, and nerve damage in

- 1 -

her left arm.  (*Id.*)  Her claim was initially denied on March 7, 2007.  (*See* R. 9.)  It was reconsidered and denied again on June 6, 2007.  (*See id.*)  Plaintiff requested a hearing before an Administrative Law Judge on July 3, 2007.  That hearing was held on January 13, 2009, in Danville, Virginia; Plaintiff, who was represented by counsel, testified on her own behalf.  (R. 9, 38–56.)  A vocational expert, Dr. Sandra Wells-Brown, and Plaintiff's husband, Douglas Fricker, testified as well.  (*See, e.g.,* R. 56, 63.)  At the hearing, Dr. Wells-Brown testified that, if all of Plaintiff's claimed limitations were deemed fully credible, Plaintiff would be prevented from working any job.  (R. 69.)

In his ruling issued March 26, 2009, the ALJ determined Plaintiff suffered from "bi-lateral carpal tunnel syndrome, degenerative disc disease of the cervical spine, and mental depression," but was not disabled as defined in the Social Security Act ("the Act").[1]  (*See* R. 73-84.)  Plaintiff requested a review of the ALJ's decision, and on November 30, 2010, the Appeals Council denied Plaintiff's request.  (R. 118–22.)  At that time, the ALJ's March 26, 2009, decision became the final decision of her case.

After exhausting all other administrative remedies, Plaintiff filed suit in this court on January 28, 2011.  (*See* Compl. [ECF No. 1].)  Her case was assigned to Magistrate Judge B. Waugh Crigler, who issued his Report and Recommendation on September 21, 2011, after considering a motion for summary judgment filed by Defendant.  [ECF No. 18.]  Magistrate Judge Crigler recommended that Defendant's Motion for Summary Judgment be granted and that the Commissioner's final decision be affirmed.  (Rep. and Recom. 8 [hereinafter "R & R"].)  Plaintiff filed a timely objection to the R & R contending that the ALJ's "rejection of the

---

[1] For someone under the age of 55, like Plaintiff, the Social Security Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A) (2008); *see also id.* § 416(i)(1) (2008).

psychological evaluation performed by psychologist Blanche Williams . . . was arbitrary and constitutes error." (Pl.'s Obj. to R & R 1; Pl.'s Br. in Supp. of Obj. to R & R 2−3 [hereinafter "Pl.'s Br."].) She asserts that, "had the Secretary been presented with the Williams' evaluation, her decision 'might reasonably have been different.'" (Pl.'s Br. 2 (quoting *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985).)

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that the role of the ALJ, not the VE, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the

ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[2]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

In a case such as this one, where a party asserts that the case should be remanded to consider new evidence, Congress has instructed the case to be remanded "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g) (2011). "A remand on the basis of new evidence is warranted only if the new evidence is material and there is good cause for its late submission. *Hayes v. Astrue*, 488 F. Supp. 2d 560, 564 (W.D.Va. 2007); *cf. Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (*superseded by statute*) (holding that "[a] reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are met:" (1) "[t]he evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative;" (2) the evidence must be material, meaning that the Secretary's decision "might reasonably have been different" had the evidence been considered; (3) "[t]here must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary;" and (4) "the claimant must present to the remanding court at least a general showing of the nature of the new evidence" (internal citations and quotations omitted)). Regardless of whether the evidence *existed* during the period on or before the Commissioner's decision, *see Reichard v. Barnhart*, 285 F. Supp. 2d 728, 733 (S.D.W.Va. 2003), "[e]vidence is material if there is a

---

[2] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

reasonable possibility that the new evidence would have changed the outcome," *Wilkins v. Sec'y Dep't of Health & Humans Servs.*, 953 F. 2d 93, 96 (4th Cir. 1991) (en banc).

**III.    DISCUSSION**

Plaintiff's sole objection—that the ALJ erred in failing to consider Blanche Williams' psychological evaluation, which determined that Plaintiff was unable to perform "even simple, repetitive tasks on a reliable basis" as a result of her various psychological disorders—fails for a very simple reason: Plaintiff has failed to show that the evaluation relates to Plaintiff's period of disability insurance. (*See* Pl. Br. Ex. A pg. 5.) Therefore, Plaintiff has not showed the materiality of the evidence. The evidence, *en toto*, makes no reference to the date of onset of Plaintiff's alleged inability to complete "even simple, repetitive tasks." (Pl. Br. 1.) Considering Dr. Williams' evaluation, it is just as likely that the disability Dr. Williams diagnoses in her April 20, 2011, evaluation manifested itself *after* Plaintiff's insured period lapsed on December 31, 2009, as it is that it manifested itself *before* the period lapsed. (*See* R. 11 (noting that Plaintiff was insured for disability insurance through December 31, 2009).) In her report, Dr. Williams notes that Plaintiff has developed several psychiatric disorders since requiring surgeries following her fall; she does not identify the onset date of these disorders with any greater specificity. In the absence of any evidence to suggest that Dr. Williams' conclusion relates back to the covered period, the evidence has not been shown to be material under § 405(g). Unless Dr. Williams' conclusion relates to the covered period, there is *no* likelihood that it would have changed the outcome. Therefore, the evidence is not material.

Moreover, even if the evidence was shown to relate back to the covered period, Plaintiff has offered nothing more than bald assertions to carry her burden of showing that that evidence would reasonably have changed the outcome. (*See* Pl. Br. 2 ("Plaintiff submits that had the

- 5 -

Secretary been presented with the Williams' [sic] evaluation, her decision 'might reasonably have been different' . . . .").) Plaintiff does not argue that the Williams evaluation addresses a concern of the Commissioner as stated in his final decision. Plaintiff merely states that the Williams evaluation "deletes repetitive tasks as possible work activity for the Plaintiff." (*Id.* pg. 2.) Presumably, Plaintiff's entire argument rests upon the supposition that, on remand, the Commissioner would accept the Williams evaluation without reservation, reject the contrary evidence, and conclude that Plaintiff does not have the residual functional capacity to perform "light work" or "unskilled, simple, repetitive work." (R. 13.) This supposition, however, is simply not supported.

Plaintiff did not object to the remainder of the R & R filed by Magistrate Judge Crigler, and I, therefore, adopt it as written.

## IV. CONCLUSION

Because Plaintiff has not shown the "new" evidence put forth in her brief to be material, remand for consideration of that evidence is inappropriate. As Plaintiff has not expressed any other dissatisfaction with the R & R, and as the Commissioner's decision otherwise appears to be supported by substantial evidence, I will **ADOPT** the R &R and **DENY** the Plaintiff's objections. I will **GRANT** the Defendant's Motion for Summary Judgment and **AFFIRM** the Commissioner's final decision. This case shall be **DISMISSED** from the Court's active docket.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 25th day of October, 2011.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE